## CIRCUIT COURT OF THE CITY OF RICHMOND

Audrey Pegeas

v.

General Elevator Co., Inc.

September 7, 1994

Case No. LW-3093

BY JUDGE RANDALL G. JOHNSON

In this personal injury case, plaintiff claims that she was injured when the elevator in which she was a passenger malfunctioned. The case is before the court on defendant General Elevator Company's plea of workers' compensation and motion for summary judgment. For the reasons which follow, both the plea and the motion will be overruled.

*Facts*

For purposes of defendant's plea and motion, the relevant facts are that at the time of her injury, plaintiff was an employee of the Medical College of Virginia, where the accident occurred. On the evening prior to the accident, a backed-up toilet on MCV's premises caused water to run into the elevator pits. When the travelling cables in the elevator shaft came into contact with the water, they short-circuited, causing the elevator to fall and land at the bottom of the elevator shaft.

Under the terms of a written contract between MCV and defendant, defendant had a duty to keep the elevator in good working order, including keeping the elevator pits clean and free of debris. The same contract, however, required MCV to keep the elevator pits and machine rooms clear and free of water and required MCV to remove water from the elevator pits and to maintain the drainage facilities for the pits. It is against this factual background that the court considers defendant's plea and motion.

*Workers' Compensation*

Defendant argues that plaintiff's action is barred because even though MCV does not actually maintain elevators, its employees do perform some functions crucial to elevator maintenance. Specifically, defendant cites the fact that MCV employees are responsible for keeping the elevator pits clear and free of water and for removing water from the pits. This argument misses the point.

In determining whether a plaintiff is barred from filing suit against a third party or subcontractor:

> [T]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test . . . is whether this indispensable activity is, in that business, *normally* carried on through employees rather than independent contractors.

*Shell Oil Co. v. Leftwich*, 212 Va. 715, 722, 187 S.E.2d 162 (1972) (quoting Arthur Larson, 1A *The Law of Workmen's Compensation* § 49.12, at 872-73) (emphasis by the Court).

In applying the above test, the present defendant assumes that the term "activity" applies to the very specific task being performed (or not being performed) at the time of the injury. Such an assumption is incorrect. A quick analogy illustrates the point.

Restaurants are not in the floor covering business. Yet, restaurant employees obviously have to sweep, vacuum, or otherwise clean the floor several times every day. Flooring company employees also sweep, vacuum, and clean up after themselves while installing floors. This does not mean, however, that when a restaurant enters into a contract with a flooring company to install new flooring and a restaurant employee is injured by the flooring company's negligence, that the restaurant employee is precluded from suing the flooring company for his or her injuries, even if the negligence occurs while the flooring company employee is sweeping trimmings during installation.

The situation is no different here. MCV maintains areas adjoining and in proximity to elevators. They undoubtedly also clean and sweep the elevator cabs themselves. In performing those duties, MCV employees do some of the same things elevator company employees do. For example, they sweep, clean, tighten screws, and yes, remove water. MCV employees do

not, however, maintain elevators. Defendant maintains elevators. It is that activity which must be part of MCV's trade, business, or occupation in order for defendant to be immune from suit. And, because maintaining elevators is not part of MCV's trade, business, or occupation, plaintiff is not barred from filing suit against defendant here.

### Summary Judgment

Defendant also argues that because it is uncontroverted that the elevator malfunction resulted from a short circuit caused by water in the elevator pit and because it is also uncontroverted that the contract between MCV and defendant required MCV, not defendant, to remove that water, defendant cannot possibly be liable for plaintiff's injuries. This is even more true, argues defendant, since plaintiff cannot show that defendant had actual knowledge that water was in the pit.

Plaintiff, on the other hand, argues that while MCV was negligent in allowing water to get into the pit and in not removing the water once it had gotten there, defendant was also negligent in allowing the elevator to run before the water was removed. In addition, plaintiff contends that although defendant may not have had actual knowledge of the water, defendant should have known about it, that is, that defendant had constructive knowledge of the danger and failed to take proper action. Because these arguments constitute a genuine issue of material fact, summary judgment is inappropriate.